**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

STANLEY SMITH,                          :
                                        :   Civil Action No. 12-4037 (JBS)
            Plaintiff,        :
                                        :
            v.                          :   **MEMORANDUM OPINION**
                                        :
GARY LANIGAN, et al.,                   :
                                        :
            Defendants.       :


**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Stanley Smith
South Woods State Prison
Bridgeton, NJ  08302


**SIMANDLE**, Chief Judge

        Plaintiff Stanley Smith, a prisoner confined at South Woods

State Prison in Bridgeton, New Jersey, seeks to bring this civil

asserting claims pursuant to 42 U.S.C. § 1983.  Plaintiff neither

prepaid the $350 filing fee for a civil action nor submitted an

application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

        Civil actions brought <u>in</u> <u>forma</u> <u>pauperis</u> are governed by 28

U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L.

No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which

amends 28 U.S.C. § 1915, establishes certain financial

requirements for prisoners who are attempting to bring a civil

action or file an appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

        Under the PLRA, a prisoner seeking to bring a civil action

<u>in</u> <u>forma</u> <u>pauperis</u> must submit an affidavit, including a statement

of all assets and liabilities, which states that the prisoner is
unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner
also must submit a certified copy of his inmate trust fund
account statement(s) for the six-month period immediately
preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).
The prisoner must obtain this certified statement from the
appropriate official of each correctional facility at which he
was or is confined during such six-month period.  Id.

Even if the prisoner is granted in forma pauperis status,
the prisoner must pay the full amount of the $350 filing fee in
installments.  28 U.S.C. § 1915(b)(1).  In each month that the
amount in the prisoner's account exceeds $10.00, until the
$350.00 filing fee is paid, the agency having custody of the
prisoner shall assess, deduct from the prisoner's account, and
forward to the Clerk of the Court an installment payment equal to
20 % of the preceding month's income credited to the prisoner's
account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint
that he must pay the filing fee, and that even if the full filing
fee, or any part of it, has been paid, the Court must dismiss the
case if it finds that the action: (1) is frivolous or malicious;
(2) fails to state a claim upon which relief may be granted; or
(3) seeks monetary relief against a defendant who is immune from
such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis

2

actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It appears that Plaintiff has incurred one such strike.  See Smith v. Jurman, Civil No. 06-6019 (D.N.J.).[1]

In this action, Plaintiff failed either to prepay the filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified institutional account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

---

[1] In the dismissed action, Plaintiff proceeded under the name "Stanley B. Smith, Jr."

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

In addition, the Court notes that Plaintiff seeks restoration of good time credits allegedly lost as a result of the Defendants' challenged actions.  Any challenge to the length of confinement must be brought as a petition for writ of habeas corpus following exhaustion of state remedies.  See generally 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475 (1973); Heck v. Humphrey, 512 U.S. 477 (1994); Edwards v. Balisok, 520 U.S. 641 (1997); Wilkinson v. Dotson, 544 U.S. 74 (2005); Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

<u>CONCLUSION</u>

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to apply to re-open within 30 days.[2]

An appropriate Order will be entered.



 **s/ Jerome B. Simandle**
Jerome B. Simandle
Chief Judge
United States District Court

Dated:  **July 19, 2012**

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see also</u> <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995).